```
                                      FILED ____ LODGED
                                 ____ RECEIVED ____ COPY

                                      JUN 2 6 2000

                                   CLERK U S DISTRICT COURT
                                    DISTRICT OF ARIZONA
                                 BY_____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Citizens Against UFO Secrecy, Inc., | |
| Plaintiff, | 99-CIV-1579-PHX-RGS |
| vs. | **O R D E R** |
| United States of America, et al., | |
| Defendants. | |

    Pending before the Court are two Motions to Dismiss. Upon consideration of the motions and the memoranda in support thereof and opposition thereto, the Court will grant the motions and dismiss this action.

I.    BACKGROUND

    Plaintiff, Citizens Against UFO Secrecy, Inc., is a self-described "Arizona, not-for-profit, public interest organization with over ten thousand members worldwide, including hundreds of residents in the State of Arizona." (Complaint ¶ 6). The organization's mission is to end "the secrecy surrounding [UFO] intrusions, the unusual and unidentified craft associated with them, and the ongoing clandestine invasion." (Id.) Defendants

include the United States; Janet Reno, Attorney General of the United States; William S. Cohen, Secretary of Defense of the United States; the State of Arizona; and Jane Dee Hull, Governor of Arizona.

By this lawsuit, Plaintiff seeks an Order "[r]equiring the United States to formulate a plan to protect the residents of Arizona against [a] clandestine invasion." (Complaint, "Relief Requested," ¶ A). Plaintiff contends the relief it requests is mandated by the Invasion Clause of the United States Constitution, art. IV, § 4. That clause states: "The United States ... shall protect each of [the states] against Invasion."

The federal defendants (the United States, the U.S. Attorney General, and the U.S. Secretary of Defense) and the state defendants (Arizona and the Governor of Arizona) have filed separate motions to dismiss.

II.  ANALYSIS

A.  Federal Defendants' Motion to Dismiss

The Federal Defendants argue that the case presents a non-justiciable, "political question." The Court concurs.

"The political question doctrine excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." Japan Whaling Ass'n v. American Cetacean Soc., 478 U.S. 221, 230 (1986).

In Baker v. Carr, 369 U.S. 186, 217 (1962), the Supreme Court identified six hallmarks of political questions, any one of which might render a dispute non-justiciable:

[1] a textually demonstrable constitutional

```
             commitment of the issue to a coordinate
             political department; [2] a lack of judicially
             discoverable and manageable standards for
             resolving it; [3] the impossibility of deciding
             without an initial policy determination of a
             kind clearly for nonjudicial discretion; [4]
             the impossibility of a court's undertaking
             independent resolution without expressing lack
             of the respect due coordinate branches of
             government; [5] an unusual need for
             unquestioning adherence to a political decision
             already made; or [6] the potentiality of
             embarrassment from multifarious pronouncements
             by various departments on one question.
```

Plaintiff alleges that the federal government's "law enforcement and military defense policies" are inadequate. (Complaint ¶ 3). Plaintiff thus seeks an order compelling the Attorney General and the Secretary of Defense to formulate a policy to protect the citizens of Arizona from UFO's. Plaintiff would also have the Court exercise continuing jurisdiction to "enforce or modify" this relief (Complaint, "Relief Requested," ¶ B).

For the Court to oversee the formulation of a national defense strategy, and then to oversee such strategy, would implicate virtually every one of the hallmarks of nonjusticiability described in Baker. See Aktepe v. United States, 105 F.3d 1400, 1403 (11th Cir. 1997). Accordingly, the case against the Federal Defendants will be dismissed.

B.   State Defendants' Motion to Dismiss

The State Defendants move to dismiss on the grounds, among others, that the case against them is barred by the doctrines of qualified and sovereign immunity. Plaintiff has filed no opposition to the motion. The Court has reviewed the motion and concludes that the arguments contained therein have merit. Accordingly, the Court will grant the motion. See Local Rule

- 3 -

1  1.10(i).

2       Based on the foregoing,

3       **IT IS ORDERED** granting the State Defendants' Motion to Dismiss
4  Complaint(Doc. # 8);

5       **IT IS FURTHER ORDERED** granting the Federal Defendants' Motion
6  to Dismiss (Doc. #9);

7       **IT IS FURTHER ORDERED** dismissing this action in its entirety,
8  with prejudice.

10      DATED this 23RD day of June, 2000.

				_____
				HONORABLE ROGER G. STRAND
				U.S. DISTRICT COURT JUDGE